# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

FILED

2010 APR 12 P 3: 45

U.S. ___ ___ ___RT

SONJA HAHNEL
Plaintiff, ProSe'

V.

HOWARD LEE SCHIFF, PC
Defendant
RAB PERFORMANCE RECOVERIES,
LLC)
CAPITAL ONE BANK, N.A)
BANANA REPUBLIC / GE MONEY
BANK)
COLLINS FINANCIAL SVCS, INC)
GE CAPITAL CORP and)
JOHN DOES, representatives from)
HOWARD LEE SCHIFF, PC
Co-Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

310CV00561

Case No: 3:0CV561MRK

**Trial By Jury Demanded**

## PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT AND THE
## FAIR CREDIT REPORTING ACT

COMES NOW the Plaintiff, Sonja Hahnel and hereby respectfully submits her

Complaint for violations of the Fair Debt Collection Practices Act and the Fair

Credit Reporting Act. At all times hereinafter mentioned, The Plaintiff was and

still is a resident of New London County, State of Connecticut. From here on

Sonja Hahnel, will be known as the Plaintiff. Plaintiff respectfully submits

Plaintiffs Statement of Claim and Statement upon Which Relief Can Be Granted.

1

**Statement of Claim**

This is a civil action seeking relief and damages and to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 15 U.S.C. §§1692-1692p. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. 1343(3) and (4) and 2201.

The Defendant is a 3rd party debt collector, as such is governed under the law by The Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. Section §1601, *et seq.* The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor and any false, deceptive or misleading statements. It also requires debt collectors to give debtors or alleged debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g. The Defendants are also governed under the law by The Fair Credit Reporting Act 15 USC Section §1681, *et seq.* The State of Connecticut abides by and adheres to these laws, thus establishing the jurisdiction of this Honorable Court, specifically section 813 of the FDCPA and section 618 of the FCRA. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant.

**Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But as to how it was or was not validated, the wrongful actions of the Defendants in an attempt to collect, and to the credit reporting of the alleged debts, as Defendants violated the civil rights of the Plaintiff and the law, as outlined in the Debt Collection Practices Act, 15 USC §1692, *et seq.* and the Fair Credit Reporting Act 15 USC §1681, *et seq.***

2

**1.** On or about December 9, 2009 the Defendant's attorney representative contacted the Plaintiff. The Defendant identified himself as representing the HOWARD LEE SCHIFF, PC, Company and stated that the Plaintiff owed Defendants $3,950.31. The Defendant, having filed a claim against the Plaintiff, and demand for money from Defendant, in the name of Capital One Bank, N.A , demanded of the Plaintiff, an arbitrary lump sum of money ($3,950.31). No itemization of this amount was ever produced by Defendant, nor was any proof or validation that Plaintiff owed this money to Defendant. The Plaintiff asked this person to provide proof of this alleged debt and this representative of the HOWARD LEE SCHIFF, PC, Company gave the Plaintiff two pages of photocopies of an unknown and unsubstantiated "credit card statement"; one from 2001 & one from 2005. No documents given to Plaintiff from Defendant stated that such documents were "from a debt collector", nor did they contain any other statement required of the Debt Collector by the Fair Debt Collection Practices Act.   Plaintiff orally disputed this alleged debt, at this time, with this representative of the HOWARD LEE SCHIFF, PC Company, and demanded validation of the alleged and purported debt. The affidavit attached to Defendant's demand, signed by "Jamie Williams," remains suspect, as no person named "Jamie Williams" has been found to be associated with or employed by any Defendant. The Plaintiff has reason to believe that this affidavit is false and fraudulent.


**2.** On or about January 21, 2010 Defendant HOWARD LEE SCHIFF, PC, received by U.S. Postal Certified Mail  #70071490000284141947  a letter from the Plaintiff demanding, in writing,  validation of this alleged debt purportedly owed to Defendant, and also disputing such debt. As of this date, March 31, 2010, Plaintiff has not received competent evidence and legal validation of this alleged debt from Defendant.

3

**3.** On or about February 3, 2010, Co-Defendant CAPITAL ONE BANK received by

U.S. Postal Certified Mail #70091960000011691702 a letter from the Plaintiff disputing

any alleged debt. As of the date of this writing, March 31, 2010, Plaintiff has not received

competent evidence of any alleged debt from this Co-Defendant.

As of this date, March 31, 2010, Defendant and Co-Defendant continue to pursue collection

activity against Plaintiff in regard to this alleged and invalidated debt.

As of this date, March 31, 2010, Co-Defendant, CAPITAL ONE BANK, has failed to mark

in dispute any alleged debt with any of the three major credit reporting agencies:  Trans

Union, Experian and Equifax; and is also reporting erroneous and inaccurate information in

the Plaintiff's credit report because this Co-Defendant has not provided any proof of any

alleged debt.

**4.  On January 15, 2010**, Plaintiff received another letter from Defendant HOWARD

LEE SCHIFF, PC, dated January 7, 2010, alleging Plaintiff owed Defendant another

$1,151.22, but stating that Plaintiff would "offer a settlement of 80% of the balance due,

IF RECEIVED AT OUR OFFICE BY JANUARY 29, 2010." This, in and of itself, is

"overshadowing", as defined in 15 U.S.C. 1692e § 807(b).  **Also on January 15, 2010**,

Plaintiff received another communication from Defendant, this being a Writ and Notice

of Suit, including the filing of another complaint, for exactly $1,151.22, and demand

in the name of Capital One Bank against the Plaintiff.  The affidavit attached to the

Defendant's demand, signed by "Jamie Williams," remains suspect, as no person named

"Jamie Williams" has been found to be associated with or employed by any Defendant. The

Plaintiff has reason to believe that this affidavit is false and fraudulent.

4

**5.** On or about January 21, 2010 Defendant HOWARD LEE SCHIFF, PC, received by

U.S. Postal Certified Mail *#70071490000284141954* a letter from Plaintiff demanding

validation of the alleged debt purportedly owed to Defendant, and also disputing such

debt. As of this date, March 31, 2010, Plaintiff has not received any competent evidence

nor any legal validation of this alleged debt from Defendant. The Plaintiff never had

received any information regarding this alleged debt from Defendant prior to January 15,

2010, when Plaintiff received this letter, outlined in the above paragraph, sent from

Defendant to Plaintiff on or about January 7, 2010, and received by Plaintiff January 15,

2010, claiming that Plaintiff owed Defendant more money, and offering Plaintiff a quick

settlement, if Plaintiff would give the Defendant money within two weeks, thereby

overshadowing; and having received the aforementioned Writ and Notice of Suit,

regarding this same alleged amount due, **on the same day, January 15, 2010**, from

Defendant, again filed in the name of Capital One Bank, N.A.


**6.** On or about February 3, 2010, Co-Defendant CAPITAL ONE BANK, N.A. received

by U.S. Postal Certified Mail #70090960000011691696 a letter from the Plaintiff

disputing any alleged debt. As of the date of this writing, March 31, 2010, Plaintiff has

not received competent evidence of any alleged debt from this Co-Defendant.


**7.** On or about February 19, 2010, Plaintiff received from Defendant, HOWARD LEE

SCHIFF, PC, another letter, dated February 12, 2010, in regard to this alleged amount.

This letter listed a "Current Balance Due: $1,151.22", and stated that Defendant had

"been authorized to offer you a lump sum settlement in this matter of 85% of the balance

due by MARCH 17, 2010.  If payment is not received within the required time or your

payment does not clear, this offer will no longer be considered valid.  You will then be

responsible for the full amount of your account balance.  By so paying this NOW, the

debt will be resolved as settled and satisfied."   This, again is "overshadowing", as

defined in 15 U.S.C. 1692e § 807(b).  It is also in violation of *15 USC §1692g(b)*

FDCPA §809(b), as Defendant AND Co-Defendant continue collection activity

against Plaintiff, in spite of never having provided ANY competent legal validation or

proof of ANY alleged debt.

As of this date, March 31, 2010, Defendant and Co-Defendant continue to ignore

Plaintiff's requests for proof or validation and continue to pursue collection activity

against Plaintiff in regard to this alleged and invalidated debt, in spite of no validation,

proof or evidence of any alleged debt ever having been provided to Plaintiff by any

Defendant or Co-Defendant.

As of this date, March 31, 2010, Co-Defendant, CAPITAL ONE BANK, N.A. has failed

to mark in dispute this purported and alleged debt with any of the three major credit

reporting agencies:  Trans Union, Experian and Equifax; and is also reporting erroneous

and inaccurate information in the Plaintiff's credit report because this Co-Defendant has not

provided any proof of any alleged debts.

**8.**  On or about January 15, 2010, Plaintiff received a third communication from

Defendant, HOWARD LEE SCHIFF, PC, alleging that Plaintiff owed Defendant still

more money, exactly $987.69.  Plaintiff also listed another company, RAB

PERFORMANCE RECOVERIES, LLC as "current owner".  Plaintiff never received any

6

information of any kind regarding this alleged and purported debt from either company,

HOWARD LEE SCHIFF, PC, nor RAB PERFORMANCE RECOVERIES, LLC.

**9.** On or about January 21, 2010 Defendant, HOWARD LEE SCHIFF, PC, received by

U.S. Postal Certified Mail *#70071490000284141961* a letter from the Plaintiff

demanding validation of this alleged debt purportedly owed to Defendant, and also

disputing such debt. As of this date, March 31, 2010, Plaintiff has not received

competent evidence and legal validation of this alleged debt from Defendant.

**10.** On or about January 20, 2010, Plaintiff received a "Privacy Notice" from Co-

Defendant, RAB PERFORMANCE RECOVERIES, LLC. On this communication, RAB

PERFORMANCE RECOVERIES, LLC did not make a claim to be a debt collector, nor

made any claim at all in regard to their debt collection practices. On this letter, this

company listed their address, P.O Box number, town and state as being the same as that

of Defendant, HOWARD LEE SCHIFF, PC.

**11.** On or about January 27, 2010 Co-Defendant, RAB PERFORMANCE

RECOVERIES, LLC, received by U.S. Postal Certified Mail #70071490000284142418

a letter from the Plaintiff demanding validation of this alleged debt purportedly owed to

Co-Defendant.

**12.** On March 31, 2010, Plaintiff received from Defendant, HOWARD LEE

SCHIFF, PC, another letter, dated March 26, 2010, in regard to this alleged amount.

7

This letter listed a "Current Balance Due: $987.69", "RE: RAB PERFORMANCE

RECOVERIES, LLC" and stated that Defendant had "been authorized to offer you a

settlement in of 75% of the balance due, IF RECEIVED AT OUR OFFICE BY APRIL

23, 2010. This is a substantial savings to you. This settlement program is valid if funds

are received HERE by FRIDAY, APRIL 23, 2010." This, again, is "overshadowing", as

defined in 15 U.S.C. 1692e § 807(b).  It is also in violation of *15 USC §1692g(b)*

FDCPA §809(b), as Defendant AND Co-Defendant continue collection activity

against Plaintiff, in spite of never having provided ANY competent legal validation or

proof of ANY alleged debt.

As of this date, March 31, 2010, Plaintiff has not received competent evidence and legal

validation of any alleged debt from this Co-Defendant.


**13.** Also, on January 25, 2010, Co-Defendant, RAB PERFORMANCE RECOVERIES,

LLC, received a Postal Certified Mail #70092250000415328970 from the Plaintiff,

disputing such debt.

As of this date, March 31, 2010, Co-Defendant, RAB PERFORMANCE RECOVERIES,

LLC, has failed to mark in dispute this purported and alleged debt with any of the three

major credit reporting agencies:  Trans Union, Experian and Equifax; and is also

reporting erroneous and inaccurate information in the Plaintiff's credit report because the

Co-Defendant has not provided any proof of any alleged debt.


**14.** On or about January 25, 2010, Co-Defendant BANANA REPUBLIC/GE MONEY

BANK received by U.S. Postal Certified Mail #70092250000415328987 a letter from the

8

Plaintiff disputing this alleged debt. As of this date, March 31, 2010, Plaintiff has not received competent evidence of any alleged debt from this Defendant, nor any communication at all in regard to any alleged debt.

As of this date March 31, 2010, Co-Defendant, BANANA REPUBLIC /GE MONEY BANK, has failed to mark in dispute this purported alleged debt with any of the three major credit reporting agencies: Trans Union, Experian and Equifax; and is also reporting erroneous and inaccurate information in the Plaintiff's credit report because the Co-Defendant has not provided any proof of any alleged debt.

**15.** On or about February 17, 2010, Defendant HOWARD LEE SCHIFF, PC filed a complaint and demand for $987.69 from Plaintiff, along with Co-Defendants RAB PERFORMANCE RECOVERIES, LLC and BANANA REPUBLIC / GE MONEY BANK, they being referenced as "COLLINS FINANCIAL SERVICES, INC." and "GE CAPITAL CORP" within the complaint.   Such action was taken by Defendant and Co-Defendants, in spite of all repeated demands by Plaintiff for proof and validation. Attached to this complaint is an "AFFIDAVIT OF DEBT AND VERIFIED BILL OF PARTICULARS", signed by "Andrew Eichenbaum, Managing Member" and the apparent CEO of RAB PERFORM-ANCE RECOVERIES, LLC.

As of this date, March 31, 2010, Defendant and Co-Defendants continue to ignore Plaintiff's demands for proof, for validation of any alleged debt and to pursue collection activity against Plaintiff in regard to this alleged and invalidated debt.

9

The Defendants have ignored ALL demands for proof, for evidence, for validation, forcing Plaintiff to this action, requesting the intervention of this Honorable Court. Due to the harassment, oppression and abuse in the unfair and unconscionable collection methods conducted by Defendants in the continued collection activities by Defendant and Co-Defendants, in spite of their failure to validate or to prove any alleged debt, Plaintiff has incurred much in personal damages.  In the absence of any proof or validation, Plaintiff has also incurred and continues to incur damages to her credit by all Co-Defendants.

## VIOLATIONS

### *COUNT 1*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §807*
### *DEFENDANT, HOWARD LEE SCHIFF, PC FAILED TO DISCLOSE IN INITIAL ORAL COMMUNICATION THAT THE COMMUNICATION WAS FROM A DEBT COLLECTOR*
*The Plaintiff disputed the alleged debt in the initial communication with the "attorney representative" from HOWARD LEE SCHIFF, PC, orally, on December 9, 2009.   The ordinary usage of the term 'dispute' does not contemplate a writing.  This "attorney representative" stated that he had a contract with CAPITAL ONE, N.A. for legal representation.  He did not profess to Plaintiff to be a debt buyer or a debt collector.*

**The Law: Section**
**§ 807. False or misleading representations [15 USC 1692e]**
(11) **The failure to disclose** in the initial written communication with the consumer and, in addition, **if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose,** and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
NOTE - The Omnibus Appropriation bill (13)which was signed into law on Sept. 30th, 1996 included an amendment to the Fair Debt Collection Practices Act. **The amendment requires the debt collector to give the mini-Miranda warning in the initial communication** but, in all subsequent communications with the debtor, the debt collector must disclose that ..."This communication is from a debt collector." This amendment became effective December 31, 1996. **Attorneys who are involved either in the collection process** or with foreclosures

and/or consumer bankruptcies **must be alert to their obligations under the Act. Once the first contact has been made with a debtor, a written validation notice must be sent to the debtor**, on a one-time basis, **within five days** (which must also contain the mini-Miranda warning). Thereafter, **all communications with a debtor**, whether written or oral, must contain the "mini-Miranda" warning. This includes telephone conversations, correspondence, demand letters, stipulations, notices, discovery, receipts of payment and post-judgment remedies.

NOTE - in accordance with the recent amendment, § 807(11) does not apply to formal legal pleadings made in connection with a legal action.

*The Defendant, HOWARD LEE SCHIFF, PC did not comply with the law when*

*contacting the Plaintiff by failing to inform the Plaintiff of her rights under FDCPA*

*during the initial conversation with debt collector on December 9, 2009. Upon*

*Plaintiff's oral dispute on December 9, 2009, written validation was not sent to*

*Plaintiff within five days, nor was validation ever sent to Plaintiff.*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §807*
### *COUNT 1 VIOLATIONS: PLAINTIFF DEMANDS JUDGMENT FOR $1000*

*COUNT 2*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §807 AND §809(a)*
### *PLAINTIFF DEMANDS JUDGMENT FOR $3000.00*
### *FROM  DEFENDANT, HOWARD LEE SCHIFF, PC,                                FOR*
### *FAILURE TO VALIDATE WITHIN FIVE DAYS OF INITIAL COMMUNICATION*
### *WITH PLAINTIFF ON EACH OF THREE ALLEGED DEBTS*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §807 AND §809(a)*
### *PLAINTIFF DEMANDS JUDGMENT FOR $2000*
### *FROM DEFANDANT,  RAB PERFORMANCE RECOVERIES, LLC,*
### *FOR FAILURE TO DISCLOSE DEBT COLLECTOR STATUS AND*
### *FOR FAILURE TO VALIDATE WITHIN FIVE DAYS OF INITIAL*
### *COMMUNICATION WITH PLAINTIFF*

**The Law: Section**

 **§809(a). Validation of debts**. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*DEFENDANTS, HOWARD LEE SCHIFF, PC AND RAB PERFORMANCE*

*RECOVERIES, LLC FAILED TO SEND A WRITTEN NOTICE CONTAINING THE*

*ELEMENTS OF VALIDATION OF ANY ALLEGED DEBT WITHIN FIVE DAYS OF*

*THE INITIAL COMMUNICATION WITH PLAINTIFF.    RAB PERFORMANCE*

*RECOVERIES, LLC ALSO FAILED TO DISCLOSE DEBT COLLECTOR STATUS*

*ON THEIR FIRST COMMUNICATION WITH PLAINTIFF.*

*The Defendant, HOWARD LEE SCHIFF, PC failed to send written validation in*

*regard to any of the three alleged and purported debts within five days of initial*

*communications, nor was validation of any debt ever sent to Plaintiff.    RAB*

*PERFORMANCE RECOVERIES, LLC failed to disclose debt collector status on initial*

*written communication with Plaintiff, and RAB PERFORMANCE RECOVERIES, LLC*

*failed to send written validation to Plaintiff within five days of initial communication with*

*Plaintiff.*

### *PURSUANT TO VIOLATION OF 15 USC §1692e  FDCPA §807AND §809(a)*
### *COUNT 2 TOTAL VIOLATIONS: $5,000*
### *PLAINTIFF DEMANDS JUDGMENT FOR $5000.00*

**COUNT 3**

**PURSUANT TO VIOLATION OF 15 USC 1692e § 807(b)**
**DEFENDANT HOWARD LEE SCHIFF, PC OVERSHADOWED IN ITS COLLECTION**
**LETTER TO PLAINTIFF, DATED JANUARY 7, 2010, WHICH LETTER WAS**
**RECEIVED BY PLAINTIFF ON JANUARY 15, 2010, AND**

**PURSUANT TO VIOLATION OF 15 USC 1692e § 807(b)**
**DEFENDANT HOWARD LEE SCHIFF, PC OVERSHADOWED IN ITS COLLECTION**
**LETTER TO PLAINTIFF, DATED FEBRUARY 12, 2010, WHICH LETTER WAS**
**RECEIVED BY PLAINTIFF ON FEBRUARY 19, 2010.**

**PURSUANT TO VIOLATION OF 15 USC 1692e § 807(b)**
**DEFENDANT HOWARD LEE SCHIFF, PC OVERSHADOWED IN ITS COLLECTION**
**LETTER TO PLAINTIFF, DATED MARCH 26, 2010, WHICH LETTER WAS**
**RECEIVED BY PLAINTIFF ON MARCH 31, 2010.**

**The Law: Section**
**§809**(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor. the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt* or request the name and address of the original creditor.
(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**PURSUANT TO VIOLATION OF 15 USC §1692e FDCPA §807(b)**
**COUNT 3 TOTAL VIOLATIONS: $3000**
**PLAINTIFF DEMANDS JUDGMENT FOR $3000.00**

**COUNT 4**

**PURSUANT TO VIOLATION OF 15 USC §1692 FDCPA §809(a)**
**DEFENDANTS FAILED TO VALIDATE ANY ALLEGED DEBT.**
**PLAINTIFF DEMANDS JUDGMENT FOR $1000.00**
**FOR EACH VIOLATION FROM EACH DEFENDANT AND CO-DEFENDANT**
**HOWARD LEE SCHIFF, PC,**
**RAB PERFORMANCE RECOVERIES, LLC,**

13

## *CAPITAL ONE BANK, AND*
## *BANANA REPUBLIC/GE MONEY BANK*

**The Law: Section**
 **§809(a). Validation of debts.** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Plaintiff filed a validation letter and/or letter of dispute with each of the*

*Defendants and Co-Defendants.*

*Defendants and Co-Defendants are required to perform an investigation.*

*1. After orally disputing the alleged debt with Defendant on December 9, 2010,*

*Plaintiff <u>again</u> disputed the alleged debt and demanded debt validation*

*by writing on January 16, 2010, which letter was received, US Postal Certified*

*Mail #7007 1490 0002 8414 1947, by Defendant HOWARD LEE SCHIFF, PC on*

*January 21, 2010.*

*2. The Plaintiff disputed the additional alleged debt received by Plaintiff on*

*January 15, 2010, and demanded debt validation by writing on January 16,*

*2010, which letter was received, US Postal Certified Mail #70071490000-*

*284141954, by Defendant HOWARD LEE SCHIFF, PC on January 21, 2010.*

14

3. *The Plaintiff disputed the third allegation of debt received by Plaintiff on January 15, 2010, and demanded debt validation by writing on January 16, 2010, which letter was received, US Postal Certified Mail #70071490000-284141961, by Defendant HOWARD LEE SCHIFF, PC on January 21, 2010.*

4. *The Plaintiff disputed the alleged debt by writing on January 16, 2010, which letter was received, US Postal Certified Mail #70090960000011691702, by Co-Defendant CAPITAL ONE BANK on or about February 3, 2010.*

5. *The Plaintiff disputed the additional alleged debt by writing on January 16, 2010, which letter was received, US Postal Certified Mail #700909600000-11691696, by Co-Defendant CAPITAL ONE BANK on or about February 3, 2010.*

6. *The Plaintiff disputed the alleged debt by writing on January 20, 2010, which letter was received, US Postal Certified Mail #70092250000415328970, by Co-Defendant RAB PERFORMANCE RECOVERIES, LLC on January 25, 2010.*

7. *The Plaintiff demanded debt validation of the alleged debt by writing on January 22, 2010, which letter was received, US Postal Certified Mail #70071490000284142418, by Co-Defendant, RAB PERFORMANCE RECOVERIES, LLC on January 27, 2010.*

8. *The Plaintiff disputed the alleged debt by writing on January 16, 2010 by writing on January 16, 2010, which letter was received, US Postal Certified Mail #70092250000415328987, by Co-Defendant BANANA REPUBLIC / GE MONEY BANK on January 25, 2010.*

15

***DEFENDANTS FAILED TO FURNISH PLAINTIFF WITH A WRITTEN NOTICE***

***CONTAINING THE ELEMENTS OF SECTION §809(a) VALIDATION OF DEBTS.***

***NEITHER DID DEFENDANTS, AT ANY TIME, FURNISH PLAINTIFF WITH***

***COMPETENT LEGAL VALIDATION OR PROOF OF ANY DEBT.***

***PURSUANT TO VIOLATION OF 15 USC §1692  FDCPA §809(a)***
***COUNT 4 TOTAL VIOLATIONS:  $8000.00***
***PLAINTIFF DEMANDS JUDGMENT FOR $8000.00***

***COUNT 5***

***PURSUANT TO VIOLATION OF 15 USC §1692e(2)(A)***
***PLAINTIFF DEMANDS JUDGMENT FOR $3000.00***
***FROM  DEFENDANT, HOWARD LEE SCHIFF, PC,***
***FOR PROVIDING FALSE AND MISLEADING INFORMATION***

***PURSUANT TO VIOLATION OF 15 USC §1692e(2)(A)***
***PLAINTIFF DEMANDS JUDGMENT FOR $1000.00***
***FROM EACH CO-DEFENDANT***
***CAPITAL ONE BANK, N.A., BANANA REPUBLIC/GE MONEY BANK, AND***
***RAB PERFORMANCE RECOVERIES, LLC***
***FOR PROVIDING FALSE AND MISLEADING INFORMATION***
***ON EACH ALLEGED AND PURPORTED DEBT***

**Defendant and Co-Defendants provided false and misleading information by failing and refusing to itemize any alleged various charges that comprise the total amount of any alleged debt.**

**15 USC §1692e(2)(A):  A debt collector may not use any false, deceptive, or misleading *representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:***
    ***(2) The false representation of—***
    ***(A) the character, amount, or legal status of any debt;***

***15 USC §1692j:*** ***(a) It is unlawful to design, compile, and furnish any form knowing***

*that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.*

*(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.*

### PURSUANT TO VIOLATION OF 15 USC §1692e(2)(A)and 1692j
### COUNT 5 TOTAL VIOLATIONS: $7000.00
### PLAINTIFF DEMANDS JUDGMENT FOR $7000.00

**COUNT 6**

### PURSUANT TO VIOLATION OF 15 USC §1692g(b)  FDCPA §809(b)
### DEFENDANT AND CO-DEFENDANTS FAILED TO CEASE COLLECTION
### ACTIVITY ON DISPUTED AND INVALIDATED DEBT.

### PLAINTIFF DEMANDS JUDGMENT FOR $1000.00
### FOR EACH CONTINUED COLLECTION ACTIVITY FROM EACH DEFENDANT
### AND CO-DEFENDANT REGARDING EACH INVALIDATED AND ALLEGED DEBT

### HOWARD LEE SCHIFF, PC:  THREE CONTINUED COLLECTION ACTIVITIES;
### RAB PERFORMANCE RECOVERIES, LLC: ONE CONTINUED COLLECTION
### ACTIVITY;  CAPITAL ONE BANK: TWO CONTINUED COLLECTION ACTIVITIES;
### BANANA REPUBLIC/GEMB: ONE CONTINUED COLLECTION ACTIVITY; AND

**The Law: Section**

**§809***(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor. the debt collector* **shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt** *or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.* Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986, title V of Gramm-Leach-Bliley Act, or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section

### *PURSUANT TO VIOLATION OF 15 USC §1692g(b)  FDCPA §809(b)*
### *COUNT 6 TOTAL VIOLATIONS:  $7000.00*
### *PLAINTIFF DEMANDS JUDGMENT FOR $7000.00*

**COUNT 7**

### *PURSUANT TO VIOLATION OF 15 USC §1681s-2  FCRA §623*
### *PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*
### *FOR FAILURE TO MARK IN DISPUTE EACH ALLEGED AND INVALIDATED ACCOUNT, FROM EACH CO-DEFENDANT*
### *CAPITAL ONE BANK, N.A., BANANA REPUBLIC/GE MONEY BANK, AND RAB PERFORMANCE RECOVERIES, LLC*

### *CO-DEFENDANTS FAILED TO, IN THE ABSENCE OF PROVIDING COMPETANT VALIDATION TO PLAINTIFF, MARK PLAINTIFF'S ALLEGED ACCOUNT IN DISPUTE WITH ANY CONSUMER CREDIT REPORTING AGENCY*

### *CO-DEFENDANTS, AS A RESULT OF FAILURE TO VALIDATE, ARE REPORTING ERRONEOUS AND INACCURATE INFORMATION IN PLAINTIFF'S CREDIT REPORTS:*
**The Law: under FCRA Section**
**§ 623. Responsibilities of furnishers of information to consumer reporting agencies**
[15 U.S.C. § 1681s-2]
(a) Duty of Furnishers of Information to Provide Accurate Information
   (1) Prohibition
(A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
(B) *Reporting information after notice and confirmation of errors.* A person shall not furnish information relating to a consumer to any consumer reporting agency if
  (i) the person has been notified by the consumer, at the address specified by
    the person for such notices, that specific information is inaccurate; and
  (ii) the information is, in fact, inaccurate.
(C) *No address requirement.* A person who clearly and conspicuously specifies to the consumer an address for notices referred to in subparagraph (B) shall not be subject to subparagraph (A); however, nothing in subparagraph

18

(B) shall require a person to specify such an address.

(D) *Definition.* For purposes of subparagraph (A), the term "reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

(2) *Duty to correct and update information.* A person who
(A) regularly and in the ordinary course of business furnishes information to
one or more consumer reporting agencies about the person's transactions
or experiences with any consumer; and
(B) has furnished to a consumer reporting agency information that the person
determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by _any_ person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

(4) *Duty to provide notice of closed accounts.* A person who regularly and in the ordinary course of business furnishes information to a consumer reporting agency regarding a consumer who has a credit account with that person shall notify the agency of the voluntary closure of the account by the consumer, in information regularly furnished for the period in which the account is closed.

**CO-DEFENDANTS FAILED TO, IN THE ABSENCE OF PROVIDING**

**COMPETANT VALIDATION TO PLAINTIFF, MARK PLAINTIFF'S ALLEGED**

**ACCOUNTS IN DISPUTE WITH ANY CONSUMER CREDIT REPORTING**

**AGENCY.**
### *PURSUANT TO VIOLATION OF 15 USC §1681s-2 FCRA §623*
### *PLAINTIFF DEMANDS JUDGMENT FOR $4000.00*

**CO-DEFENDANTS, AS A RESULT OF FAILURE TO VALIDATE ANY ALLEGED**

**DEBT, ARE REPORTING, AND CONTINUING TO REPORT, ERRONEOUS AND**

**INACCURATE INFORMATION IN PLAINTIFF'S THREE CREDIT REPORTS.**

### *PLAINTIFF DEMANDS JUDGMENT FOR $1000.00*
### *FROM EACH CO- DEFENDANT FOR CONTINUED REPORTING*
### *ON EACH  ALLEGED AND INVALIDATED ACCOUNT*

### *$4,000.00 PER MONTH x 3 MONTHS*
### *PURSUANT TO VIOLATION OF 15 USC §1681s-2  FCRA §623*
### *PLAINTIFF DEMANDS JUDGMENT FOR $12000.00*

### *PURSUANT TO VIOLATION OF 15 USC §1681s-2  FCRA §623*
### *COUNT 7 TOTAL VIOLATIONS:  $16000.00*

### *PLAINTIFF DEMANDS JUDGMENT FOR $16000.00*

According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n](a) In general.   Any person who willfully fails to comply with *any requirement* imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inactions of the Defendant and Co-Defendants.   Due to the willful and continued harassment of collection activity, oppression and abuse on the part of the Defendants, all in violation of 15 U.S.C. §1692f, all in the absence of any proof or validation, Plaintiff has incurred much physical and emotional damage, distress and suffering, as well as incurred financial cost to conduct all necessary activities in the defense of her due process.

WHEREFORE, the Defendants have violated the provisions of the Fair Credit

Reporting Act and the Fair Debt Collection Practices Act, Plaintiff demands

judgment in the amount of $47,000.00, plus all costs of this action along with

punitive damages in the amount of 100,000.00.

*Trial by Jury Demanded*

Respectfully submitted this _12th_ day of April, 2010.

Sonja Hahnel
24 Rosé Street
Baltic, Connecticut   06330
(860) 949-8194
scostrosky@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint was mailed by U.S. Postal Certified Mail #70081830000452223317 to the Defendant, HOWARD LEE SCHIFF, PC at 510 Tolland Street, East Hartford, Connecticut 06108

I hereby certify that a copy of the foregoing Complaint was mailed to all Co-Defendants:
CAPITAL ONE BANK, N.A,
P.O. Box 30285, Salt Lake City, Utah 84130-0285
U.S. Postal Certified Mail #70081830000452223324;

RAB PERFORMANCE RECOVERIES, LLC,
10 Forest Ave, Paramus, NJ 07652
U.S. Postal Certified Mail #70081830000452223300;

COLLINS FINANCIAL SERVICES, INC. / PRECISION RECOVERY ANALYTICS
P.O. Box 92109, Austin, Texas 78709-2109
U.S. Postal Certified Mail #70081830000452223331;

BANANA REPUBLIC / GE MONEY BANK,
P.O. Box 981064, El Paso, TX 79998-1064
U.S. Postal Certified Mail #70081830000452222248.

GE CAPITAL CORP
GENERAL ELECTRIC CAPITAL CORPORATION
3135 Easton Turnpike
Fairfield, CT 06828
U.S. Postal Certified Mail #70081830000452223355

On April _____, 2010. Delivered by the clerk of the court _____.

Sonja Hahnel
24 Rose Street
Baltic, Connecticut 06330
(860) 949-8194
scostrosky@yahoo.com

22